## REBECCA A. ADAMS ET AL. v. C. HAMILTON.

### Decided January 23, 1909.

**1.—Fraudulent Conveyance—Charge—Burden of Proof.**

In an action by a creditor to set aside a conveyance of land on the ground that the same was made with intent to defraud creditors, charge of the court considered, and held not subject to the objection that it placed upon the defendant the burden of proving that he was an innocent purchaser of the property in controversy for a valuable consideration, in order to entitle him to a verdict.

**2.—Same—Refusal to Answer Interrogatories.**

In a suit to set aside a conveyance of land upon the ground that it was made to defraud creditors, the plaintiff introduced testimony that defendant refused to answer certain interrogatories propounded to him by the plaintiff, defendant stating at the time as his reason for such refusal that his attorneys has so advised him, and that he expected to be at the trial and to testify. Held, said evidence was not subject to the objection, that it was immaterial and irrelevant to any issue in the case and calculated to prejudice the rights of the defendant. Defendant did appear and testify at the trial. If his refusal to answer the interrogatories was willful, it was relevant to prove that fact as bearing upon his credibility; if his refusal was in good faith on the grounds assigned by him, the admission of the testimony complained of was harmless.

**3.—Trial—Argument.**

Appellant cannot complain of remarks of opposite counsel criticising his veracity and habits of life when the evidence justified the criticisms, nor can he complain when such remarks were called for and made in reply to the argument of his own counsel.

**4.—Assignment of Error—Rule 31.**

When a statement under an assignment of error contains no recital of the evidence but mere conclusions of fact, and refers to the entire statement of facts to support such conclusions, it is not entitled to a consideration because not in compliance with rule 31 for practice in the Courts of Civil Appeals.

5.—Fraud—Proof.

Fraud is always difficult of proof by direct testimony, and circumstantial evidence must necessarily be resorted to. Evidence as to a fraudulent conveyance considered, and held sufficient to support the verdict of the jury setting aside the conveyance.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*McCarty & Solomon* and *Buck Keith,* for appellants.

*Martin & George,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—On March 9, 1905, the Texas Central Railroad Company recovered judgment against Mrs. Rebecca A. Adams in the sum of sixty-two dollars and ninety-four cents and costs of suit. Under execution issued on this judgment a lot situated in the town of Dublin was levied on and sold as the property of defendant in the judgment, C. Hamilton becoming the purchaser. Prior to this sale and subsequent to the date of the judgment Mrs. Adams executed a deed purporting to convey the property to her son, Harry B. Adams. This suit was instituted by C. Hamilton against Mrs. Adams and Harry B. Adams, plaintiff alleging that the deed was made by Mrs. Adams without consideration for the purpose of defrauding her creditors, which purpose was known to Harry B. Adams at the time, and praying that the same be canceled. Mrs. Rebecca A. Adams filed a disclaimer, but Harry B. Adams answered by pleas of not guilty and general denial, and from a judgment in favor of plaintiff in the suit defendant Harry B. Adams has appealed.

The judge of the trial court in his charge to the jury first gave a synopsis of the pleadings of the plaintiff and defendant. He then instructed the jury that the burden of proof was on the plaintiff to establish his right to recover by a preponderance of the evidence, and in case he failed to do so the verdict should be for the defendant Harry B. Adams, and that the jury were the exclusive judges of the credibility of the witnesses and the weight to be given the testimony. The jury were next told that the deed in question was sufficient to pass and did pass title to Harry B. Adams, unless they should find that the same should be set aside under the pleadings and proof attacking its validity, which would be thereafter explained in subsequent portions of the charge. Three subsequent paragraphs of the charge were as follows:

"If you believe from the evidence that the said Rebecca A. Adams was indebted to the Texas Central Railroad Company, as alleged by the plaintiff, and that for the purpose of defrauding the said Texas Central Railroad Company out of its debt she conspired with her son, the defendant Harry B. Adams, to convey to him the land in controversy, and that so conspiring and agreeing with him and for the purpose of defrauding her creditors did make to him the said deed dated May 19, 1905, given in evidence, and you find and believe from the evidence that at the time said deed was made and executed that said Harry B. Adams knew of the purpose and intention of her, the said

Rebecca A. Adams, and that he received the said deed for the purpose of assisting her to defraud her creditors, and you believe that said deed was without consideration and not made in good faith, then you will find for the plaintiff.

"On the other hand, if you find and believe from the evidence that the said Rebecca A. Adams executed said deed in good faith for a valuable consideration, and that said Harry B. Adams was an innocent purchaser of said land for value, then you will find for the defendant, Harry B. Adams.

"Again, though you should believe from the evidence that the purpose of the said Rebecca A. Adams in making said deed was to defraud her creditors, still you should find for the defendant Harry B. Adams, unless you further find and believe that the said Harry B. Adams had notice of the fraudulent intent and purpose of the said Rebecca A. Adams."

By several assignments of error appellant contends that in giving the last two paragraphs of the charge there was error. The basis of this contention is that it placed the burden upon him to show that he was an innocent purchaser of the property for a valuable consideration in order to entitle him to a version. These two paragraphs of the charge merely presented the defenses affirmatively instead of in a negative form. The jury had been previously told the facts plaintiff would be required to prove to entitle him to a recovery, and that if he failed to establish them by a preponderance of the evidence, then the verdict should be for defendant Harry B. Adams; and the charge considered as a whole clearly and fairly presented all the issues to the jury.

Over appellant's objection appellee introduced in evidence depositions of M. A. Wallace and Geo. H. McLerin, to the effect that appellant had refused to answer certain interrogatories propounded to him by appellee and placed in the hands of the witness McLerin, who was the officer appointed to take the depositions of appellant, the testimony of both witnesses being that appellant stated as his reason for refusing to answer the interrogatories that his attorneys had so advised him and that he expected to appear at the trial and testify from the witness stand. The grounds of objection urged to the testimony were that the evidence was immaterial and irrelevant to any issue in the case and calculated to prejudice the rights of appellant. Appellant did appear and testify at the trial, and if his refusal to answer the interrogatories was willful, which seemed to be plaintiff's theory, it was relevant to prove that fact as bearing upon his credibility as a witness, and if his refusal was in good faith on the grounds assigned by him for the refusal, the admission of the testimony complained of could result in no harm to appellant and no error was committed in overruling appellant's objection thereto.

The basis of another assignment of error were remarks of plaintiff's counsel in his closing argument to the jury, severely criticising appellant's veracity and habits of life, and further to the effect that the railway company in prosecuting this suit was actuated by no other motive than to collect the judgment owing by Mrs. Adams, and if the property was recovered the company would be willing to relinquish

it to defendants, if they should afterwards pay the debt. Appellant's counsel were not present in court when this argument was made and no bill of exceptions was reserved, but it was made one of the grounds of appellant's motion for a new trial. We are unable to say that the personal criticism of appellant was not warranted by the evidence, and the remainder of the remarks were in reply to argument by defendant's counsel, in effect, that the railway company was a rich corporation worth three or four millions of dollars, was the real plaintiff in the suit, and was trying to defraud defendants out of property worth twelve hundred dollars for a sixty-dollar judgment, and the assignment is overruled.

Appellant's eighteenth assignment is that the verdict of the jury is unsupported by the evidence. The statement under this assignment contains no recital of the evidence but conclusions of fact, and refers to the entire statement of facts to support those conclusions, and is therefore not in compliance with Rule 31 for practice in courts of civil appeals. We have examined the statement of facts, however, and have concluded that there was evidence sufficient to support the verdict. Fraud is always difficult of proof by direct testimony, and necessarily circumstantial evidence must be resorted to. Plaintiff relied upon circumstances alone to make out his case, but some of these were cogent, and it was the province of the jury to consider them of greater probative force than the positive testimony of the two defendants and other witnesses strongly controverting the allegations of fraud relied on in plaintiff's petition.

The judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.