RACHOFSKY v. RACHOFSKY et al.
(No. 7951.)

(Court of Civil Appeals of Texas. Dallas. May 4, 1918. Rehearing Denied June 8, 1918.)

1. APPEAL AND ERROR ⊙⟿1003—SCOPE OF REVIEW—CONFLICTING EVIDENCE.
Though the facts contrary to the verdict on their face unquestionably are of greater probative force than those in favor of the verdict, it does not follow that the latter facts will not support the verdict.

2. FRAUDULENT CONVEYANCES ⊙⟿295(1)—EVIDENCE—SUFFICIENCY.
Evidence held to support verdict that a transfer was fraudulent as to creditors.

3. FRAUDULENT CONVEYANCES ⊙⟿47 — SALES IN BULK.
A sale of merchandise in bulk without compliance with Vernon's Sayles' Ann. Civ. St.

1914, art. 3971, relative to the sale of merchandise in bulk, was void as against creditors of the seller.

4. APPEAL AND ERROR ⊙⟿1053(5)—HARMLESS ERROR—EVIDENCE.
In suit to recover a safe, defended on the ground that plaintiff was the vendee in a sale in bulk in fraud of creditors in violation of Vernon's Sayles' Ann. Civ. St. 1914, art. 3971, where the issue whether the sale was void under the statute was not presented to the jury, admission of evidence that the sale was void does not constitute reversible error.

5. FRAUDULENT CONVEYANCES ⊙⟿309(1)—INSTRUCTIONS.
Instructions submitting issue whether sale in bulk was made to hinder, delay, or defraud creditors impliedly submitted issue whether the sale was in good faith and for value.

6. TRIAL ⊙⟿260(1) — INSTRUCTIONS — REPETITION.
Where the court has given an instruction substantially the same as that requested, he need not give the requested instruction.

7. TRIAL ⊙⟿234(7) — INSTRUCTIONS — BURDEN OF PROOF.
Instruction that burden of proof was on defendant to make out his allegation of fraud by a preponderance of the evidence was sufficient on the burden of proof.

8. FRAUDULENT CONVEYANCES ⊙⟿57(1) — INSOLVENCY—EFFECT.
In suit to recover safe which defendants alleged was conveyed in fraud of creditors, the vendor's insolvency vel non was not determinative, since there could have been a sale to hinder, delay, and defraud creditors without reference to insolvency.

9. FRAUDULENT CONVEYANCES ⊙⟿156(2) — RIGHT OF PURCHASER—"KNOWLEDGE."
Knowledge of the fraud in a conveyance is implied from notice actual or constructive of such facts or circumstances as would excite the suspicion of a man of ordinary prudence and put him upon inquiry of the fraudulent intent of the vendor.
[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Knowledge.]

Error from Dallas County Court; T. A. Work, Judge.

Suit by L. W. Rachofsky against J. H. Rachofsky and others. From a judgment for defendants and an order dissolving interlocutory injunction, plaintiff brings error. Affirmed.

Ellis P. House and Bern Wilson, both of Dallas, for plaintiff in error. Geo. Clifton Edwards, of Dallas, for defendants in error.

RASBURY, J. L. W. Rachofsky, plaintiff in error, sued J. H. Rachofsky, Tobe Jones, and Jack Goldman, defendants in error, in the court below to determine the ownership of an iron safe levied upon and advertised for sale by Goldman, constable, by virtue of execution issued upon a final judgment in justice court, precinct No. 1, of Dallas county, obtained by Tobe Jones against J. H. Rachofsky, and for injunction pendente lite restraining the sale thereof. Interlocutory injunction was granted as prayed. Defendants in error Tobe Jones and J. H. Goldman, the constable, answered in substance that the

alleged ownership of plaintiff in error was derived by sale in bulk of a stock of merchandise and fixtures by J. H. Rachofsky to his brother, L. W. Rachofsky, and was ineffectual to convey title thereto (1) because not in compliance with the bulk sales law in that the statutory notice was not given, and (2) because the sale was made for the purpose of hindering, delaying, and defrauding the creditors of said J. H. Rachofsky. On plea that he was not a proper party to the suit J. H. Rachofsky was dismissed therefrom. There was trial by jury to whom the court submitted certain special issues, upon the jury's answers to which judgment was entered against plaintiff in error and the interlocutory injunction dissolved. From such orders this appeal was taken.

There are 38 assignments of error presenting similar issues with little variation. For that reason we will not undertake to discuss them scriatim, but in lieu thereof discuss the issues as such. This brings us in natural order to the contention that the findings of the jury are without support in the evidence. The substance of the findings of the jury upon the special issues was that J. H. Rachofsky sold the safe in question and a stock of merchandise to his brother, L. W. Rachofsky, for the purpose of hindering, delaying, and defrauding his creditors by placing same beyond their reach, and that the latter not only had knowledge of such facts and circumstances as would put an ordinarily prudent man upon inquiry, which, if diligently pursued, would have disclosed such intention, but that he had actual knowledge of such intention, and that the effect of the sale was to place the property levied upon beyond the reach of creditors. The facts and circumstances deducible from the evidence tending to support such findings are these: Tobe Jones secured judgment against J. H. Rachofsky canceling Jones' note for $30 and for certain usurious interest paid thereon with the statutory penalty aggregating $110. J. H. Rachofsky had for many years been conducting in the city of Dallas a pawnshop and lending money in small amounts at usurious rates of interest. Jones sued J. H. Rachofsky to cancel the note and to recover usurious interest paid thereon and the statutory penalty thereon July 19, 1913. Rachofsky was served with citation June 21, 1913, and filed answer July 14, 1913. On July 17, 1913, J. H. Rachofsky by formal bill of sale transferred his entire stock of merchandise and fixtures, including the safe levied upon, to L. W. Rachofsky for a recited consideration of $1,750, of which $1,250 was paid by check and $489.99 by canceling the note of J. H. Rachofsky for that amount held by his brother, L. W. Rachofsky. The bill of sale was not recorded. The property conveyed was all the property owned by J. H. Rachofsky subject to execution. At the time of the sale L. W. Rachofsky, who was 25 years of age, was, and since boyhood had been, employed as salesman for Sanger Bros., in the city of Dallas, where he was required to be from 8 a. m. to 6 p. m. He and his brother, J. H. Rachofsky, who was 35 years old, were intimate and confidential in a personal and business way, borrowing money from each other without security. After the sale to L. W. Rachofsky, J. H. Rachofsky remained in charge and possession of the business, carrying the keys, making sales, and keeping books. It was a profitable business when sold. L. W. Rachofsky was at the store during the day only when he could get away from Sanger Bros., and of evenings when he had no engagements as a professional musician. He had no key to the store. He paid his brother no salary, commission, or interest in the profits of the business, but gave him free use of space and lights in the store to conduct a loan and watch-repairing business. At the time of the sale the sign on the window was "J. H. Rachofsky." No change in that respect was made after the purchase. L. W. Rachofsky did not know the rate of storage or interest charged in the business conducted for him by his brother. He knew casually of Jones' claim against his brother when the transfer was made, as well as others. The foregoing is a brief general statement of the testimony upon which the jury findings were based.

[1, 2] The record contains facts which would have sustained a finding in favor of plaintiff in error. These facts, as they appear in the record, are, as argued by counsel, on their face unquestionably of greater probative force than those detailed. It does not follow, however, that the other state of facts will not support the findings of the jury. And while it will be of no practical use or benefit to repeat here the reason of the rule so often written down concerning the better judgment of juries concerning the credibility of witnesses and the weight to be given their testimony, it is worth while to consider, to some extent, the holdings of the courts in similar cases on the issue of the sufficiency of the evidence. Possession of the seller after the sale is not fraud per se, but is prima facie evidence of fraud. Edwards v. Dickson, 66 Tex. 613, 2 S. W. 718. The evidence in such cases "must come largely from the persons who are concerned in the transaction; and circumstances have to be looked to, and in many cases be given a weight to which they would not be entitled in a different class of cases." Greenleve, Block & Co. v. Blum, 59 Tex. 124; Steinam v. Gahwiler, 30 S. W. 472. Again, "fraud is always difficult of proof by direct testimony, and necessarily circumstantial evidence must be resorted to," and when it is sufficient to raise the issue it is the province of the jury to consider such evidence "of greater probative force than the positive testimony," controverting the circumstantial ev-

idence. Adams v. Hamilton, 53 Tex. Civ. App. 405, 116 S. W. 1169. We accordingly conclude that in the light of the facts detailed and the cases cited we are not warranted in holding that the findings of the jury are without support in the evidence.

[3, 4] It is also urged, in effect, that the court erred in admitting proof that in the sale the provision of the statute (article 3971, Vernon's Sayles' Stats.) relative to the sale of merchandise in bulk had not been complied with. The provisions of the statute were not complied with, and the sale of the merchandise was void as against creditors. The basis of the contention, however, is that the safe was a fixture, not merchandise, and hence not controlled by the statute in effect at the time of the trial, though since amended so as to include fixtures. We are not prepared to say that the sale of a stock of merchandise void under the bulk sales law would nevertheless convey title to merchandise fixtures attempted to be sold as a part of the transaction. It surely would not between the parties. However, the issue as to whether the sale was void, under the statute, was not presented to the jury. As a consequence proof complained of does not constitute reversible error.

[5] Plaintiff in error requested the court to charge the jury in effect that before Jones was entitled to recover they must believe by a preponderance of the testimony that J. H. Rachofsky did not in fact sell and convey the property in question to L. W. Rachofsky "in good faith and for value." The issue in the case was whether the sale was made to hinder, delay or defraud creditors. That issue was submitted to the jury fairly and fully, and comprehended of course whether it was in good faith and for value, since if the purpose of the sale was not to hinder, delay, and defraud creditors it was in good faith and for value.

[6] Complaint is made of the refusal to allow several special charges, in substance the same but variant in expression, directing the jury that unless L. W. Rachofsky had knowledge of the fraudulent intent of J. H. Rachofsky in making the sale Jones would not be entitled to recover. In the special issues submitted to the jury they were asked whether L. W. Rachofsky had knowledge of facts or circumstances sufficient to put an ordinarily prudent person on inquiry, which if diligently pursued would have disclosed to him the fraudulent purpose of J. H. Rach-

ofsky and also whether L. W. Rachofsky had actual knowledge of the fraudulent purpose of J. H. Rachofsky. Such issues were substantially those covered by the requested charge and were not required to be submitted more than once.

[7] Complaint is also made of the refusal of the court to charge the jury that the burden of proof was upon Jones to prove his allegations of fraud by "a preponderance of the evidence." The court charged the jury that "the burden of proof is on the defendant Tobe Jones to make out his allegation of fraud by a preponderance of the evidence." The charge of the court is sufficient and is nearly in the precise language of the refused charge.

[8] Complaint is made of the refusal of the court to submit four special issues or interrogatories to the jury, the substance of all of which is included in the special issues submitted by the court, save one, which is an inquiry whether J. H. Rachofsky was insolvent. Insolvency vel non was not a determinative issue in the case, since there could have been a sale to hinder, delay, and defraud creditors without reference to insolvency and should not have been submitted. Le Gierse v. Whitehurst, 66 Tex. 244, 18 S. W. 510.

[9] Complaint is made of the action of the court in defining knowledge on the part of L. W. Rachofsky of the fraud charged against J. H. Rachofsky as notice, actual or constructive, of such facts or circumstances as would excite the suspicion of a man of ordinary prudence and put him upon inquiry of the fraudulent intent of the vendor. The definition in our opinion was correct. Whatever puts a party on inquiry amounts to notice when the circumstances known to him are of a character which ought reasonably to excite his suspicions and lead him to further inquiry.

There are numerous assignments of error, some repeated, attacking the court's action in substituting lost deposition, the form of the verdict, remarks of the court, forms of questions charged to be leading, the admission of improper and prejudicial testimony, the examination of witnesses upon their depositions taken in the case, and the exclusion of testimony claimed to be material. We have carefully examined all these assignments and conclude that none of them present reversible error.

The judgment is affirmed.